ROBERT F. KANE, ESQ. (SBN 71407)
LAW OFFICES OF ROBERT F. KANE
870 Market Street, Suite 1128
San Francisco, CA 94102

Attorneys for Plaintiff
JUDITH WHITWORTH

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| JUDITH WHITWORTH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FIDELITY MORTGAGE COMPANY, et al.<br><br>Defendants. | Case No. C 05-4725 MEJ<br><br>STIPULATION FOR FILING OF FIRST AMENDED COMPLAINT AND ORDER |

The undersigned stipulate that plaintiff Judith Whitworth may file the attached First Amended Complaint and acknowledge service of a copy.

It is further agreed that:

1.    Unless the defendants who have answered or choose to do so, all the allegations are deemed to be denied by the defendants who have previously answered.

Dated: 11/27/07

LAW OFFICES OF ROBERT F. KANE
Attorneys for Plaintiff
JUDITH WHITWORTH

By _____
ROBERT F. KANE

Dated:                          GOFORTH & LUCAS
                                Attorneys for Defendants
                                FIDELITY MORTGAGE COMPANY,
                                PACIFIC HOME BROKERS and
                                BERT COKER


                                By_____
                                    MICHAEL GOFORTH


Dated:  November 27, 2007       MUSICK, PEELER & GARRETT LLP
                                Attorneys for Defendants
                                LONG BEACH MORTGAGE COMPANY and
                                WASHINGTON MUTUAL BANK


                                By_____
                                    CATHERINE M. LEE


Dated:                          PILLSBURY WINTHROP SHAW
                                PITTMAN LLP
                                Attorneys for Defendant
                                FIRST CALIFORNIA TITLE


                                By_____
                                    TODD SMITH


                        **[PROPOSED] ORDER**

        Under the terms of the above stipulation,

        IT IS ORDERED that the First Amended Complaint be filed in this action.

Dated: January 16, 2008         _____
                                    UNITED STATES

JUDGE

Dated: 11/13/07

GOFORTH & LUCAS
Attorneys for Defendants
FIDELITY MORTGAGE COMPANY,
PACIFIC HOME BROKERS and
BERT COKER

By
MICHAEL GOFORTH

Dated:

MUSICK, PEELER & GARRETT LLP
Attorneys for Defendants
LONG BEACH MORTGAGE COMPANY and
WASHINGTON MUTUAL BANK

By
CATHERINE M. LEE

Dated:

PILLSBURY WINTHROP SHAW
PITTMAN LLP
Attorneys for Defendant
FIRST CALIFORNIA TITLE

By
TODD SMITH

## [PROPOSED] ORDER

Under the terms of the above stipulation,

IT IS ORDERED that the First Amended Complaint be filed in this action.

Dated: January 16, 2008

UNITED STAT

JUDGE

*(seal: UNITED STATES DISTRICT COURT — NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED — Judge Maria-Elena James)*

ROBERT F. KANE, ESQ. (State Bar No. 71407)
LAW OFFICES OF ROBERT F. KANE
870 Market Street, Suite 1128
San Francisco, CA 94102
(415) 982-1510; Fax (415) 982-5821
rkane1089@aol.com

Attorneys for Plaintiff
JUDITH WHITWORTH

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, NORTHERN DIVISION

| | |
|---|---|
| JUDITH WHITWORTH, an individual | CASE NO.: C 05 4725 MEJ |
| Plaintiff, | FIRST AMENDED COMPLAINT<br>FOR VIOLATIONS OF: |
| v. | • THE REAL ESTATE SETTLEMENT<br>PROCEDURES ACT (12 U.S.C. § 2602)<br>• TRUTH IN LENDING ACT (15 U.S.C.<br>§ 1601<br>• THE FALSE ADVERTISING ACT (Cal.<br>Bus. & Prof. Code § 17500);<br>• THE CONSUMERS LEGAL REMEDIES<br>ACT (Cal. Civ. Code § 1750);<br>• NEGLIGENT TRAINING AND<br>SUPERVISION; |
| FIDELITY MORTGAGE COMPANY, a<br>California company; PACIFIC HOME<br>BROKERS, a California company;<br>LONG BEACH MORTGAGE<br>COMPANY; WASHINGTON<br>MUTUAL; BERT COKER, an<br>individual; JOE ATWATER, an<br>individual; SCOTT TUCKER, an<br>individual; FIRST CALIFORNIA<br>TITLE COMPANY, and DOES<br>1 - 50, inclusive, | • FRAUD;<br>• BREACH OF FIDUCIARY DUTY;<br>• THE UNFAIR BUSINESS PRACTICES<br>ACT (Cal. Bus. & Prof. Code § 17200);<br>• RECISSION AND RECESSIONARY<br>DAMAGES;<br>• NEGLIGENCE;<br>• DECLARATORY RELIEF.<br><br>SEEKING DAMAGES, DISGORGEMENT,<br>DECLARATORY RELIEF, INJUNCTIVE<br>RELIEF AND PUNITIVE DAMAGES |
| Defendants. | DEMAND FOR JURY TRIAL |

Plaintiff JUDITH WHITWORTH (hereinafter "Plaintiff") hereby alleges for her Complaint against FIDELITY MORTGAGE COMPANY, PACIFIC HOME BROKERS, LONG BEACH MORTGAGE COMP ANY, WASHINGTON MUTUAL, BERT J. COKER, JOEL ATWATER, SCOTT TUCKER, FIRST CALIFORNIA TITLE COMPANY, and Does 1 through 50, inclusive (collectively "Defendants"), as follows:

## INTRODUCTION

1.      Defendants were and are engaged in unfair, unlawful and deceptive business practices in selling residential properties and soliciting, inducing and closing residential loan transactions in the State of California.

2.      Defendants were and are engaged in a persistent "bait and switch" scheme. Defendants lure purchasers in with the promise that they will make it possible to purchase their first homes and with promises that their home loans will have certain terms and conditions, and later induce them to sign loan contracts with significantly less favorable terms and conditions.

3.      During loan transactions, Defendants fail to provide disclosures required by state and federal law, engage in unlawful fee sharing, provide documents that are incomplete and mislead borrowers about loan terms in a classic bait and switch pattern and practice.

4.      Without borrowers' knowledge or consent, Defendants falsify signatures, as well as income and assets stated on loan applications in order to qualify borrowers for larger loans than they can afford.

5.      Defendants wrongfully induce borrowers to enter into mortgages that saddle borrowers with principal amounts Defendants know or should know the borrowers' income cannot support.

2

6.    Defendants charge unfair and excessive fees and expenses that bear no relation to the borrower's credit or risk profile or other legitimate factors, and mislead borrowers about those fees and expenses.

7.    Defendants induce borrowers to sign loan contracts without reading them, either through manipulation, deceit and/or high-pressure tactics.  Due to the predatory lending and unfair business practices summarized above and described in greater detail herein, borrowers who enter loans with Defendants are at higher risk of foreclosure than borrowers with loans from other mortgage brokers in the area.  Defendants are unconcerned by these foreclosures, however, because Defendants have already profited from the exorbitant fees and expenses they reap to originate the loans.

8.    Defendants take these actions intentionally, maliciously, and with conscious disregard for borrowers' legal rights and financial wellbeing.  As a result of the behavior, pattern and practice set out above, Ms. Whitworth is unable to continue making payments on her mortgage loans and is at risk of losing her house and the monies she has invested in it.

## PARTIES

9.    Plaintiff JUDITH WHITWORTH, (Hereinafter "Plaintiff") an individual, was at all relevant times a resident of Pitts burg in Contra Costa County, California.

10.    Defendant WASHINGTON MUTUAL and its wholly owned subsidiary, LONG BEACH MORTGAGE COMPANY (hereinafter "LONG BEACH MORTGAGE"), are admitted and licensed to do business in the State of California and doing business in California including Contra Costa County.  Plaintiff is further informed and believes and thereon alleges that at all relevant times herein Defendants WASHINGTON MUTUAL and LONG BEACH MORTGAGE were and are finance lenders and/or residential mortgage brokers licensed by the California Department of Real Estate and/or the California Commissioner of Corporation.

3

11. Defendant BERT COKER (Hereinafter "COKER") is an experienced, licensed real estate broker and loan broker operating in California under license # 00557364. COKER has been licensed since 1982 and on information and belief operates as FIDELITY MORTGAGE (Hereinafter "FIDELITY") and PACIFIC HOME BROKERS (Hereinafter "PACIFIC") whose principal place of business is 5161-G Clayton Road, Concord, California. Plaintiff is informed and believes and thereon alleges that Defendant COKER acts in concert with Defendants WASHINGTON MUTUAL and LONG BEACH MORTGAGE in generating borrowers for home loans.

12. Defendants WASHINGTON MUTUAL and LONG BEACH MORTGAGE are and were finance lenders and and/or residential mortgage brokers licensed by the California Department of Real Estate and/or the California Commissioner of Corporation. Defendant JOEL ATWATER (Hereinafter "ATWATER") is an individual.

13. Plaintiff is informed and believes and thereon alleges that at all times relevant defendant ATWATER was unlicensed to sell real property or home loans and was acting as the agent, servant or employee of one or more of the defendants and that at all times herein mentioned each and every defendant was acting within the scope of such agency, service or employment and with the knowledge, permission and consent of each such other defendant; and that each and every defendant is legally responsible for the conduct of each and every other defendant.

14. Defendant, SCOTT TUCKER (hereinafter "TUCKER"), is an individual. Plaintiff is informed and believes and on that basis alleges that at all times relevant defendant TUCKER was unlicensed to sell real property or home loans and acting as the agent, servant or employee of one or more of the defendants and that at all times herein mentioned each and every defendant was acting within the scope of such agency, service or employment and with the knowledge,

4

permission and consent of each such other defendant; and that each and every defendant is legally responsible for the conduct of each and every other defendant.

15.     Plaintiff is informed and believes that defendant FIRST CALIFORNIA TITLE COMPANY (hereinafter "FIRST CALIFORNIA TITLE") is a business entity whose form is unknown that is a title and escrow company and acted in its capacity in connection with the matters herein alleged. Plaintiff is informed and believes that ATWATER had a desk at FIRST CALIFORNIA TITLE.

16.     Defendants Does 1 through 50, inclusive, whether individual, corporate, associate or otherwise are sued under fictitious names because their true names and capacities are unknown to Plaintiff, who will further amend this Complaint when their true names and capacities are learned. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged herein, and that Plaintiff's damages were caused by those Defendants.

17.     Plaintiff is informed an believes and thereon alleges that each defendant was the agent and/or employee and/or principal of each of the remaining defendants, and in doing the acts herein alleged were acting within the course and scope of such agency and/or employment, and/or with knowledge, consent and/or authority of the remaining defendants and/or with knowledge of their acts and/or wrongdoing.

18.     Plaintiff is informed and believes and thereon alleges that each defendant had knowledge and/or constructive notice of and/or authorized and/or consented to the acts of each of the other defendants, as herein alleged by among other things, retaining and sharing the benefit of said acts.

19.     Plaintiff is informed and believes and thereon alleges that defendants, and each of them, knowingly and willfully conspired and agreed among themselves to do the acts herein

5

alleged.

20. Plaintiff is informed and believes and thereon alleges that each defendant had knowledge and/or constructive notice of and/or authorized and/or consented to the acts of each of the other defendants, as herein alleged by among other things, retaining and sharing the benefit of said acts.

## JURISDICTION AND VENUE

21. This Court has personal jurisdiction over the Defendants named herein because a substantial portion of the wrongdoing alleged in this Complaint took place in the Northern District of California. Defendants' principal place of business is in California, and Defendants are authorized to and regularly do business in the Northern District of California, including Contra Costa County. This is an action for violations of 12 U.S.C. § 2602) (The Real estate Settlement Procedures Act Hereafter "RESPA").

22. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction).

23. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events and omissions giving rise to this Complaint occurred within the Northern District of California. The loan contracts between Plaintiff and Defendants were made and to be performed, and the obligations arose, in the Northern District of California.

## FACTUAL ALLEGATIONS

24. At all times relevant herein Plaintiff is and was a fifty nine year old, high school graduate who was employed as a housekeeper and took home $2,200 per month. In 2004, when she met the defendants, Plaintiff lived in a one bedroom rental apartment. She was introduced to the plaintiff by her daughter who, with her husband, was in the process of purchasing a home with the assistance of the defendants.

25.     In or about October, 2005 Plaintiff met with Defendants ATWATER and TUCKER, as agents and employees of defendants COKER, PACIFIC and FIDELITY, Defendants ATWATER and TUCKER induced plaintiff to trust them by telling her that they specialized in putting people in homes even if they did not have perfect credit and that they would make all of the necessary arrangements to put her and her family in their first home.

26.     Acting on behalf of Mrs. Whitworth, Defendant ATWATER filled out a loan application for Mrs. Whitworth.  He subsequently advised Plaintiff that she had been pre-approved for a loan of $320,000.

27.     Defendants ATWATER and TUCKER began to look for homes for the Plaintiff. Defendants took Plaintiff to a home at 1132 Klengel Street, in Antioch, California (hereinafter "The property").  At an asking price of $369,000, the property was more expensive than properties Plaintiff had asked to be shown and required a loan greater than the $ 320,000 loan for which plaintiff had been pre-approved.

28.     At defendant ATWATER's urging that Plaintiff should not worry about the cost of the property and that he would arrange the financing, Plaintiff agreed to purchase the property for $379,000.

29.     When the offer had been accepted, Defendants ATWATER and TUCKER filled out a loan application on Plaintiff's behalf in order to obtain a loan to purchase the property.  In preparing the application, defendants ATWATER and TUCKER misrepresented Plaintiff's income and assets, inventing, among other fictions, a Wells Fargo account containing $7,000 and a monthly income of $7,500. All of this without the knowledge and consent of the Plaintiff.

30.     Defendants ATWATER and TUCKER assured Plaintiff that the interest rate and costs for the home loan that they were arranging would be low and that the monthly payments would not exceed $2,400 per month. Instead the monthly payments turned out to be $2,871 on

7

two loans bearing the high interest rates of 7.75 % and 11 %.

31.     When Plaintiff inquired about the substantially higher monthly payments, defendants ATWATER and TUCKER told her that the actual amounts for the first and second mortgages they had arranged turned out to be higher than previously thought and that they were not making a penny on either loan.

32.     Plaintiff is informed and believes and thereon alleges that defendants also misrepresented other material terms of the loans including but not limited to the representations that they would refinance Plaintiff's home loans once again in six months to one consolidated loan that would reduce the monthly payments by 50%. They further assured plaintiff that there would be no charge for the refinance.

33.     The loans were never refinanced by defendants. As a result of the high monthly payments, Plaintiff is unable to continue to make the mortgage payments on the property and will, in the next few months, default on her payment.

34.     Plaintiff is informed and believes and on that basis alleges that on or about November, 2004, defendants COKER, FIDELITY and PACIFIC approved the loan applications submitted to lenders and thereby expressly and by their conduct ratified the actions of their agents and employees ATWATER and TUCKER.

35.     Plaintiff is informed and believes and thereon alleges that defendants and each of them, failed and refused to take any reasonable action to confirm or verify the information contained in the loan application by requesting obtaining and/or reviewing reasonably available documentation, including but not limited to tax records, pay stubs and bank records.

36.     On or about November 19, 2004, at the direction of the defendants, Plaintiff signed promissory notes and deeds of trust for a variable rate mortgage loan secured by the property in favor of BANK OF AMERICA and LONG BEACH MORTGAGE. No documents were provided

8

to plaintiff to take away with her at the time of closing nor was she provided with any until months later. Upon signing the loan documents, Defendants were enriched by broker commissions, loan fees, processing fees, yield spread premiums, interest and other benefits in an amount exceeding $25,000.

37.    Plaintiff's purchase of the property and qualification for as well as acceptance of the two mortgage loans was obtained through fraud, undue influence and or unfair business practices.

38.    On or about November 19, 2004, Defendants and each of them concealed from the plaintiff the illegal loan scheme and defendants' divided loyalties and conflict of interest in acting as dual agents in the subject of the loan transactions.

39.    As a direct and proximate result of Defendants' conduct, Plaintiff is at risk of defaulting on the loans brokered, arranged and approved by Defendants and held by LONG BEACH MORTGAGE COMPANY and WASHINGTON MUTUAL. The default and the risk of losing her home and accumulated equity was or should have been foreseeable by the defendants.

### FIRST CAUSE OF ACTION
#### Violation of The Truth in Lending Act (15 U.S.C. § 1601);
#### (Against All defendants)

34.    Plaintiffs hereby incorporate by reference each of the preceding paragraphs of this complaint as if fully set forth herein.

35.    Defendants ATWATER, COKER, TUCKER, and PACIFIC and BAYSIDE are agents for WAMU and LONG BEACH MORTGAGE CORPORATION who are creditors within the meaning of the Truth in Lending Act as implemented by regulation Z.

36.    Plaintiffs are informed and believe and on the basis allege that defendants failed to provide them with adequate disclosures of loan terms and costs as mandated by the Truth in Lending Act ("TILA").

37.    Plaintiffs, as a direct and proximate result of these violations, were and continue

9

to be damaged in a sum according to proof, not yet ascertained, including, but not limited to, statutory damages and all amounts paid or to be paid to defendants excluding principal payments.

38.     Defendants have been unjustly enriched at the expense of the plaintiffs who are therefore entitled to equitable restitution and disgorgement of profits realized by defendants.

### SECOND CAUSE OF ACTION
#### Violation of 12 United States Code §2602, RESPA
#### (Against All defendants)

40.     Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 39, inclusive, as if fully set forth herein.

41.     The loans made to Plaintiff are federally related loans as defined by 12 United States Code 2602 (1).

42.     Plaintiff is informed and believes and thereon alleges that defendants violated 12 United Sates Code §2602 in failing to provide the required disclosures as set forth under said statutes, by receiving unlawful kickbacks and /or unearned fees and in overcharging for services in a manner not reasonably related to the services provided as required by 12 U.S.C. §2607.

43.     Plaintiff is informed and believes and thereon that defendants charged for the preparation of disclosure statements Required by the Truth in Lending Act, the HUD-I Settlement Statement and/or escrow statement.

### THIRD CAUSE OF ACTION
#### Violation of California Business and Professions Code § 17500 *et seq.*
#### (Against All Defendants)

44.     Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 43 inclusive, as if fully set forth herein.

45.     Plaintiff is informed and believes and thereon alleges that the advertising, promotional materials and other written and oral promotional efforts undertaken by Defendants to

10

induce consumers to enter into loan transactions contained statements that were deceptive, untrue

and/or misleading, or omitted material information, and which were known, or by the exercise of

reasonable care should have been known, by Defendants to be deceptive, untrue and/or

misleading, in violation of California Business and Professions Code section 17500 *et seq.*

46.     Plaintiff is informed and believes and thereon alleges that Defendants' use of

various forms of advertising media to advertise, call attention to or give publicity to the sale of

their goods and services, and other practices, as set forth above, which were not as advertised or

as otherwise represented, constituted unfair competition; deceptive, untrue and/or misleading

advertising; and unlawful business practice within the meaning of California Business and

Professions Code sections 17200 *et seq.* and 17500 *et seq.* These advertisements and practices

have deceived and are likely to deceive the public in violation of those sections.

47.     Pursuant to California Business and Professions Code sections 17203 and 17535,

Plaintiff seeks an order of this Court enjoining Defendants from continuing to engage in their

false advertising practices. The public and Plaintiff will be irreparably harmed if such an order is

not granted.

48.     Plaintiff has been injured by Defendants' conduct. Defendants have been unjustly

enriched at the expense of Plaintiff, who is therefore entitled to equitable restitution and

disgorgement of profits realized by Defendants as a result of their unfair, unlawful, deceptive,

untrue and/or misleading advertising practices.

## FOURTH CAUSE OF ACTION
### Violation of California Civil Code § 1750 *et seq.*
### (Against All Defendants)

49.     Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through

48, inclusive, as if fully set forth herein.

50.     By their wrongful conduct as alleged herein, Defendants willfully and maliciously

11

created, engaged in and/or participated in unfair acts or practices in violation of the Consumers Legal Remedies Act, California Civil Code section 1750 *et seq.*

51.     Plaintiff is informed and believes and on that basis alleges that by their conduct, Defendants engaged in unfair or deceptive acts or practices in transactions intended to result in the sale of goods or services in violation of California Civil Code section 1770, including but not limited to:

a.     Representing that their goods or services have characteristics, uses, or benefits which they do not have, in violation of section 1770(a)(5);

b.     Advertising goods or services with intent not to sell them as advertised, in violation of section 1770(a)(9); and/or

c.     Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not, in violation of section 1770(a)(16).

d.     Representing that a consumer will receive an economic benefit that is contingent on an event to occur subsequent to the transaction.

52.     Plaintiff has as a direct and proximate result of Defendants' unfair or deceptive acts or practices suffered and continues to suffer damages in a sum according to proof, not yet ascertained, including, but not limited to, all amounts paid or to be paid to Defendants by Plaintiff.

53.     Plaintiff has been injured by Defendants' conduct. Defendant have been unjustly enriched at Plaintiff's expense, who is therefore entitled to equitable restitution and disgorgement of profits realized by Defendants as a result of their violations of the Act.

54.     Pursuant to section 1780, Plaintiff seeks to enjoin Defendants from engaging in their unfair methods of competition or unfair or deceptive acts or practices.

12

## FIFTH CAUSE OF ACTION
### Negligent Training
### (Against All Defendants except ATWATER and TUCKER)

55.     Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 54, inclusive, as if fully set forth here.

56.     Defendants owed Plaintiff a duty of reasonable care to train their employees and agents to comply with all applicable laws, rules and/or regulations and in accordance with professional, industry-wide best practices standards.

57.     Defendants owed Plaintiff a duty of reasonable care to train their employees and agents to comply with all applicable laws, rules and/or regulations and in accordance with professional, industry-wide best practices standards.

58.     Defendants breached their duty to Plaintiff by failing to adequately train their employees and agents to comply with professional, industry-wide best practices standards and by allowing their employees and agents to operate without such adequate training. Moreover, Defendants' conduct fell below the standard of care as they trained and/or actively encouraged their employees and agents to act in violation of applicable laws, rules and/or regulations and professional, industry-wide best practices standards. Defendants failed to take reasonable steps to protect Plaintiff though they knew or had reason to know that their failure to adequately train their employees and/or agents would result in the detriment of Plaintiff.

//

## SIXTH CAUSE OF ACTION
### Negligent Supervision
### (Against All Defendants except ATWATER and TUCKER)

59.     Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 58, inclusive, as if fully set forth herein.

60.     Defendants owed Plaintiff a duty of reasonable care that required Defendants to supervise and ensure that their employees and agents complied with all applicable laws, rules and

13

regulations and in accordance with professional, industry-wide best practices standards. Defendants knew or had reason to know that their employees and agents had engaged in past and ongoing improper conduct on behalf of Defendants to the detriment of Defendants' customers and that Defendants' employees and agents posed a reasonably foreseeable threat to Plaintiff without adequate supervision, control or regulation.

61.     Defendants breached their duty to Plaintiff by failing to adequately and properly supervise, control or regulate their employees and agents from engaging in the unlawful conduct described hereinabove, or otherwise taking reasonable steps to protect Plaintiff.

62.     As a proximate cause of the Defendants' negligent conduct, Plaintiff suffered damages according to proof.

**SEVENTH CAUSE OF ACTION**
**Fraud**
**(Against All Defendants except LONG BEACH MORTGAGE COMPANY**
**and WASHINGTON MUTUAL)**

63.     Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 62, inclusive, as if fully set forth herein.

64.     Defendants and each of them falsely represented to Plaintiff they would obtain a mortgage for the property at no more than $2,400 per month and that they would refinance the purchase money mortgage free of charge within six few months and reduce the monthly payment by half. Defendants made these representations with the knowledge that they were false and with the intent to deceive the plaintiff and with the knowledge that the plaintiff would rely on them. Plaintiff was reasonable and justified in relying on said representations and non-disclosures because the Plaintiff was unsophisticated regarding real estate transactions and Defendants were experienced in real estate dealings and plaintiff had a right to rely on said representations

65.     As a proximate cause of the Defendants' breach of their fiduciary duty, Plaintiff suffered damages according to proof.

14

## EIGHTH CAUSE OF ACTION
### Breach of Fiduciary Duty
#### (Against All Defendants except LONG BEACH MORTGAGE and WASHINGTON MUTUAL)

66.    Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 65, inclusive, as if fully set forth herein.

67.    By virtue of their relationship to plaintiff as plaintiff's real estate agent, mortgage broker and title company, Defendants and each of them owed a fiduciary duty to provide competent counsel and service regarding the purchase and financing of the property and to exercise the highest good faith toward plaintiff.

68.    Defendants made the representation and nondisclosure alleged in paragraphs 36, 42 and 43 above within the scope of their duties as plaintiff's fiduciaries.

69.    Defendants acted as fiduciaries of plaintiff in the purchase and finance of the property.

70.    Defendants breached their fiduciary duty to plaintiff in that through representations and non-disclosure, defendants failed to adequately guard and protect plaintiff's beneficial interest in the transaction.

71.    As a proximate cause of the Defendants' breach of their fiduciary duty, Plaintiff suffered damages according to proof.

## NINTH CAUSE OF ACTION
### Violation of California Business and Professions Code § 17200 *et seq.*
#### (Against All Defendants)

72.    Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 71, inclusive, as if fully set forth herein.

73.    Plaintiff is informed and believes and on that basis alleges that Defendants, and each of them, engaged in numerous acts and/or practices of unfair competition within the state of

15

California in violation of Business and Professions Code section 17200 *et seq.* and similar sister-state statutes proscribing deceptive business practices as set forth above. These acts or practices include without limitation the following:

    a.    Engaging in Predatory Lending Practices in dealings with Plaintiff.

    b.    Failing to provide adequate notices and disclosures required by the Real Estate Settlement and Procedures Act, 12 D.S.C. § 2601 *et seq.;* violating the California Business and Professions Code section 17500 *et seq.;* the Consumers Legal Remedies Act, California Civil Code section 1750 *et seq.;* or any other applicable statute.

74.    The above-described unlawful, unfair and fraudulent business practices present an ongoing threat of injury to Plaintiff and the general public who continue to be financially harmed by such conduct and, unless restrained, Defendants will continue to engage in such conduct.

75.    Pursuant to California Business and Professions Code section 17203, Plaintiff is entitled to an order of this Court enjoining Defendants from continuing to engage in unfair competition as defined in Business and Professions Code section 17200 in the State of California. Plaintiff and the general public will be irreparably harmed if such an order is not granted.

76.    Plaintiff has been injured by Defendants' conduct. Defendants have been unjustly enriched at the expense of the Plaintiff who therefore is entitled to equitable restitution and disgorgement of profits realized by Defendants.

### TENTH CAUSE OF ACTION
### Rescission and Recessionary Damages
### (Against All Defendants)

77.    Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 76, inclusive, as if fully set forth herein.

78.    Plaintiff consented to the mortgage loans obtained by defendants and each of them through mistake fraud or undue influence. Defendants, with intent to deceive Plaintiff and unduly

16

influence her to consent to the BANK OF AMERICA and LONG BEACH MORTGAGE, knew or should have know that plaintiff was unaware of the true terms of the loans and did not have sufficient income to afford to pay, did fraudulently conceal from Plaintiff that she was placing her home and financial viability at severe risk.

79.    At the time that defendants and each of them made the misrepresentations and engaged in the concealment and deceit as alleged herein and at the time Plaintiff purchased the property, signed the application for a mortgage, and signed the loan documents she was unaware that the misrepresentations, deceit and inducements were false and fraudulent, but instead believed them to be truthful and reasonably relied on them, thereby entering into the purchase of the property and the BANK OF AMERICA and LONG BEACH MORTGAGE loans without benefit of the true facts and by coercion and mistake.

80.    As a result of the fraudulent misrepresentations deceit and inducements by Defendants and each of them, Plaintiff has incurred substantial financial damage as herein alleged.

81.    Plaintiff hereby serves notice of her demand for recessionary damages on the ground of fraudulent misrepresentation and inducement, duress, undue influence and mistake by defendants and each of them as herein alleged.

82.    Plaintiff demands restitution from defendants and each of them in an amount that will make her whole for any losses suffered as a result of undisclosed costs of the mortgages and for the full amount of any commissions earned by defendants and all profits earned by the defendants.

## ELEVENTH CAUSE OF ACTION
### Negligence
### (Against all Defendants)

83.    Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through

17

82, inclusive, as if fully set forth herein.

84.     At all relevant times herein, Defendants, and each of them, owed Plaintiff a duty to exercise reasonable care in the underwriting and processing of the Loan Application.

85.     Defendants breached their aforementioned duty to exercise reasonable care in that they failed to verify or confirm any of the information contained in the application underlying the loan and therefore underwrote the loan based on information which they knew or should have known was unreliable or inaccurate.

86.     As a direct and proximate result of defendants' negligence as alleged herein, Plaintiff has suffered injuries and damages, as herein alleged.

### TWELTH CAUSE OF ACTION
### Declaratory Relief
### (Against All Defendants)

87.     Plaintiff incorporates herein by reference paragraph 1 through 86 as though fully set forth herein.

88.     An actual controversy has arisen and now exists as between the parties with respect to their respective rights and duties regarding the subject loans and the subject property.

89.     Plaintiff desires a judicial determination of rights and duties and a determination as to how to proceed.

90.     A judicial determination is necessary and appropriate at this time under the circumstances in order that plaintiff may assert her rights and responsibilities with respect to the subject loans and the subject property.

### PRAYER

**WHEREFORE,** plaintiff prays for the relief as follows:

1. General damages according to proof;

2. Special damages according to proof;

18

3.  Refund of the real estate and mortgage broker commissions, costs, fees and interest paid to defendants; cancellation of any prepayment penalty;

4.  Reasonable attorney fees according to proof;

5.  Punitive damages according to proof;

6.  Injunctive relief and declaratory relief according to proof;

7.  Statutory penalties according to proof;

8.  Costs of suit and such other and further relief as the court deems justified.

Dated: November 26, 2007                    LAW OFFICES OF ROBERT F. KANE
                                            Attorneys for Plaintiff
                                            JUDITH WHITWORTH

                                            By /s/_____
                                               ROBERT F. KANE

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in the above entitled action.

Dated: November 26, 2007                    LAW OFFICES OF ROBERT F. KANE
                                            Attorneys for Plaintiff
                                            JUDITH WHITWORTH

                                            By /s/_____
                                               ROBERT F. KANE