**UNITED STATES DISTRICT COURT**

**For the Northern District of California**

UNITED STATES DISTRICT COURT

Northern District of California

JUDITH WHITWORTH,

           Plaintiff,

  v.

FIDELITY MORTGAGE COMPANY *et al.*,

           Defendants.

_____/

No. C 05-04725 MHP (MEJ)

**ORDER RE EVIDENTIARY HEARING ON DAMAGES**

On May 5, 2009, Judge Patel, the presiding judge in this action, issued a Memorandum & Order regarding Plaintiff's Motion for Default Judgment. (Dkt. #99.) In her Order, Judge Patel granted default judgment in favor of Plaintiff and against Defendant Joel Atwater. However, Judge Patel found that Plaintiff had not submitted sufficient documentation and testimony regarding her claimed damages to enable the Court to determine the dollar amount it should award to Plaintiff. Accordingly, Judge Patel referred the matter to the undersigned to hold an evidentiary hearing on the issue of damages and to make findings of fact and recommendations regarding the specific amounts that should be awarded. Judge Patel also instructed Plaintiff that, at the hearing, she will need to provide evidentiary support, such as documents, affidavits, or witness or expert testimony to corroborate her claimed damages. Further, with respect to each area of damages Plaintiff requested, Judge Patel outlined what evidence Plaintiff would need to submit and what questions Plaintiff would need to address to enable the undersigned to make a recommendation regarding the proper amount of damages recoverable.

Toward this end, on July 31, 2009, Plaintiff filed a second Motion for Default Judgment (Dkt. #103), and submitted a revised Declaration (Dkt. #102) and supporting documents. In preparation for the evidentiary hearing on damages, the undersigned thoroughly reviewed Plaintiff's

brief, Declaration, and documentary evidence and finds it deficient in several respects. Notably, Plaintiff's Memorandum of Points and Authorities in Support of Motion for Default Judgment merely attaches Judge Patel's May 5 Order and states that Plaintiff has submitted a new Declaration. The brief does not present any discussion addressing the questions Judge Patel posed in her Order or any explanation of how the documents attached to Plaintiff's revised Declaration support her request for damages. Additionally, while Plaintiff has made slight revisions to her previous Declaration, it still does not adequately address several of the key questions Judge Patel raised. The Court therefore finds it prudent to **CONTINUE** the hearing set for September 3, 2009, to allow Plaintiff one last opportunity to mashal and present whatever evidence she may have to substantiate her requests for monetary damages. To assist Plaintiff with this task, and so that the evidentiary hearing will be productive, the undersigned **ORDERS** as follows.

1. Plaintiff shall file a Supplemental Brief addressing - at a minimum - the questions posed in Judge Patel's Order and the issues outlined below.

2. Along with the Supplemental Brief, Plaintiff shall also file a witness list for any live testimony Plaintiff intends to present during the evidentiary hearing.[1] The witness list should indicate the name of the witness and offer a brief (i.e., two or three sentences) explanation of what facts that witness will testify to at the hearing.

3. Plaintiff shall file her Supplemental Brief, witness list, and any additional declarations, affidavits, or documents she wishes the Court to consider by September 18, 2009.

4. In preparing her Supplemental Brief, Plaintiff must address the following questions.

   a. With respect to compensatory damages, Judge Patel indicated that Plaintiff is entitled to an award of her out-of-pocket damages, including her down payment on her house, mortgage payments, property taxes, property insurance payments, and moving expenses. (Dkt. #99 at 6-8.) In paragraphs 14 and 17 of her Declaration, Plaintiff gives the total amount of some of these expenses, for example, the total amount of

---

[1] For the most part, declarations and affidavits should be sufficient and submitted in lieu of live testimony.

2

    mortgage payments and property taxes she paid, and refers the Court to Exhibit 2 in support. (Dkt. #102, ¶¶14, 17.) In her Supplemental Brief (and any supplemental declaration that may be necessary), Plaintiff shall provide an itemized accounting for each month for each of these expenses - merely referring to the total amount for each out-of-pocket expense will not suffice. For example, rather than just stating that her total mortgage payment was $31,834.44, Plaintiff must explain, with reference to the relevant billing statement, how she arrived at that amount. If Plaintiff intends to rely on documents in support, Plaintiff shall explain what each document is, which figures in the documents she is relying on, and highlight those figures in the document so that the Court can easily verify the amount by examining the document. Additionally, it appears that Plaintiff was assessed delinquency fees in connection with her property taxes. (Dkt. #102, Ex. 3.) If Plaintiff intends to include the fees as part of her compensatory damages, Plaintiff must proffer some explanation as to why the extra fees should be included.

b. In her Declaration, Plaintiff indicates that she made a $1000 down payment on the house. Plaintiff, however, does not cite to any documentary evidence - whether in the Settlement Statement or possibly a canceled check or bank statement - substantiating this figure. Plaintiff should address this issue in her Supplemental Brief and attach the relevant documentation to any supplemental declaration that may be necessary.

c. With respect to the fees she paid to Defendant Atwater, in her July 28, 2009 Declaration - as in her prior Declaration that Judge Patel reviewed - Plaintiff states that, according to Defendant James Coker, Atwater was paid all but $500 of the fees Plaintiff paid. (Dkt. #102, ¶¶9, 19.) Judge Patel previously instructed Plaintiff that *she must provide evidence corroborating her allegation* that Atwater was paid all but $500 of the total amount of fees. In her Supplemental Brief, Plaintiff shall identify whatever evidence Plaintiff has either substantiating Coker's statement (e.g., an affidavit, declaration, or testimony from Coker) or otherwise corroborating his

3

representation.

    d. With respect to Plaintiff's recoverable damages under RESPA, Judge Patel indicated that Plaintiff needed to provide additional information and evidence on the second prong of the two-prong test for determining whether the YSP Plaintiff paid was permissible. (*See* Dkt. #99 at 10, ll 6-16.) Specifically, Judge Patel directed Plaintiff "to provide evidence of the total compensation provided to Atwater, as well as evidence of the amount normally charged of similarly situated buyers for similar services[.]" (*Id*. at 10.) Plaintiff should directly address this question in her Supplemental Brief. Further, although Plaintiff states that the amount Atwater charged her "was much larger than was charged to other similarly situated borrowers, including [Plaintiff's] son-in-law, Scott Sanders," Plaintiff does not cite to any evidence in support of this conclusory statement. Plaintiff needs to proffer some evidence, whether in the form of affidavits or declarations, substantiating her statement and showing exactly what other similarly-situated borrowers were charged.

    e. If Plaintiff still intends to seek an award of attorneys' fees and costs under RESPA, Plaintiff must follow the directives set forth in the Civil Local Rules. Reviewing Plaintiff's brief and evidence, it does not appear that Plaintiff has filed anything relating to attorneys' fees and costs.

5. The Court re-sets this matter for hearing on September 24, 2009, at 10:00 a.m. in Courtroom B, 15th Floor.

**IT IS SO ORDERED.**

Dated: September 3, 2009

_____
Maria-Elena James
Chief United States Magistrate Judge